## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Antrell V. Brown,

|                      |                                        |
|----------------------|----------------------------------------|
| Plaintiff,           | Case No. 21-cv-10531                    |
| v.                   | Judith E. Levy                         |
|                      | United States District Judge           |
| State of Michigan, *et al.*, |                                |
|                      | Mag. Judge Curtis Ivy Jr.              |
| Defendants.          |                                        |

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT FULL PREPAYMENT OF FEES [2] AND DISMISSING WITHOUT PREJUDICE HIS COMPLAINT [1]

Plaintiff Antrell V. Brown,[1] who is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 in January 2021.[2] (ECF No. 1.) Accompanying his complaint is an

---

[1] Plaintiff Antrell V. Brown indicates that he also goes by "Islamic Ali," and he uses both names in his filings. (*See, e.g.*, ECF No. 1, PageID.1, 3; ECF No. 14, PageID.84; ECF No. 15, PageID.93–94.) The Court refers to him as "Antrell V. Brown" because that is the name that appears on the docket.

[2] Brown initially filed his complaint in the United States District Court for the Northern District of New York, which transferred the case to this Court on March 10, 2021. (*See* ECF No. 3.)

application to proceed *in forma pauperis*—that is, without prepaying the necessary fees and costs associated with filing a lawsuit. (ECF No. 2.) For the reasons set forth below, Brown's application is denied and his complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## I.   Background

On July 9, 2021, the Court issued an order for Brown to show cause why the complaint should not be dismissed under § 1915(g) or the "three strikes rule." (ECF No. 13.) Section 1915(g) prevents a prisoner from proceeding *in forma pauperis* on a case if on at least three previous occasions a federal court has dismissed an earlier complaint filed by the prisoner because the complaint was frivolous, malicious, or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g). But a prisoner with three or more dismissals for the reasons listed in § 1915(g) may proceed *in forma pauperis* if there is an allegation that "the prisoner is under imminent danger of serious physical injury." *Id.*

In its show cause order, the Court noted that

[o]n two occasions, Brown had a complaint dismissed by a federal court because the complaint was frivolous. *See Brown v. Just Det. Int'l*, 1:20-cv-00469 (W.D. Mich. Aug. 10, 2020) (dismissing the complaint as frivolous); *Brown v. Just Det.*

2

*Int'l*, No. 1:20-cv-00755 (W.D. Mich. Aug. 10, 2020) (dismissing the complaint as frivolous). And in a third case, this court (1) dismissed with prejudice Brown's § 1983 complaint as to one defendant, an attorney, because the attorney was not a state actor (i.e., failure to state a claim); and (2) dismissed without prejudice the remainder of his complaint for failure to comply with Federal Rule of Civil Procedure 8(a). *See Brown v. D. Suppes*,[3] No. 5:16-cv-13725 (E.D. Mich. Dec. 15, 2016).[4]

---

[3] The first defendant listed on this case's docket is "D. Supps"; however, the Court uses the name "D. Suppes" because that is how this defendant's name appears in the case caption of the opinion and order of dismissal issued on December 15, 2016. *See Brown v. D. Suppes*, No. 5:16-cv-13725 (E.D. Mich. Dec. 15, 2016) (ECF No. 9).

[4] In the opinion and order of dismissal filed in *Brown v. D. Suppes*, District Judge Gerald E. Rosen indicated that Brown's *pro se* civil rights complaint brought under § 1983 "consists of more than 800 pages of hand-written allegations, grievance forms, state court documents, and other exhibits." *Brown v. D. Suppes*, No. 5:16-cv-13725 (E.D. Mich. Dec. 15, 2016) (ECF No. 9, PageID.870) (footnote omitted). Judge Rosen discussed Brown's claims as follows:

His claims appear to involve the alleged denial of adequate medical care for HIV/AIDS, religious, racial, and illness-related discrimination, the denial of access to the courts due to prison library problems, the failure to investigate grievances, and retaliation. Plaintiff names 28 defendants in this action. The defendants include 20 employees at Bellamy Creek, the Governor of Michigan, the Director, Deputy Director, and Grievance Coordinator for the Michigan Department of Corrections in Lansing, Michigan, the Michigan Department of Corrections Health Care Provider CMS, a psychologist at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, Detroit-based attorney Jonathan B.D. Simon, and the Detroit Medical Center/Detroit Receiving Hospital. He sues the defendants in their

Regarding the interpretation of mixed dismissals under §
1915(g), the Sixth Circuit held in *Pointer v. Wilkinson*, 502
F.3d 369 (6th Cir. 2007), that

> if an entire action was dismissed, at least in part
> for § 1915(g) reasons, and if none of the claims
> were found to have merit, then the action counts
> as a strike under § 1915(g). *See id.* When the
> claims dismissed for non-§ 1915(g) reasons are
> dismissed without prejudice, the action counts as
> a strike unless the plaintiff proves the claims had
> merit by refiling any of them and proving that
> they do not fall within the gamut of § 1915(g). *See
> id.* at 376.

> Implicit in the *Pointer* holding is that the plaintiff
> bears the burden of proving that a prior action
> did not fall within § 1915(g). When a prisoner's
> suit is dismissed partially under § 1915(g) and
> partially for other reasons, the claims dismissed
> for non-§ 1915(g) reasons might later have been
> dismissed as frivolous, malicious, or for failure to
> state a claim. And a prisoner should not be given
> the benefit of the doubt in these circumstances.
> Instead, when an action is dismissed in its
> entirety at least in part for § 1915(g) reasons, the
> plaintiff subsequently bears the burden of

---

personal and official capacities and seeks injunctive relief and
monetary damages.

(*Id.* at PageID.870–871.) After dismissing Brown's complaint with prejudice as to
"attorney Simon" because he "is not a state actor subject to suit under § 1983,"
Judge Rosen dismissed the "complaint [without prejudice] against the remaining 27
defendants . . . [for] fail[ure] to comply with Rule 8(a)." (*Id.* at PageID.872–873.)

> proving that the entire action did not fall under §
> 1915(g) by showing that claims dismissed without
> prejudice were not frivolous, malicious, or failed
> to state a claim. Absent a plaintiff later proving
> this, the action counts as a strike.

*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 496–97 (6th
Cir. 2012) (footnotes omitted).

(ECF No. 13, PageID.68–70.)

Because Brown's complaint in *Brown v. D. Suppes* "was partially
dismissed with prejudice for a § 1915(g) reason (failure to state a claim
against an attorney, a non-state actor)" and because Brown "ha[d] not
shown that his claims that were dismissed without prejudice [for a non-
§ 1915(g) reason (failure to comply with Rule 8(a))] had merit," the
Court ordered Brown

> to show cause, in writing, why the complaint filed in this
> case should not be dismissed under § 1915(g) because *Brown
> v. D. Suppes*, No. 5:16-cv-13725 (E.D. Mich. Dec. 15, 2016),
> counts as a third strike. To show that *Brown v. D. Suppes*
> does not count as a strike, [Brown] must prove that the
> claims that were dismissed without prejudice in that action
> had merit (i.e., were not frivolous, were not malicious, or did
> not fail to state a claim). [Brown's] response is due on or
> before August 13, 2021.

(*Id.* at PageID.70–71.) The Court warned Brown that if he does not
prove that his claims that were dismissed without prejudice had merit,

"the action counts as a strike under § 1915(g), and 'a prisoner should not be given the benefit of the doubt in these circumstances.'" (*Id.* at PageID.70 (quoting *Knox v. Scruggs*, No. 17-10900, 2018 WL 6005450, at *3 (E.D. Mich. Oct. 12, 2018) (quoting *Taylor*, 508 F. App'x at 496), *R. & R. adopted*, No. 17-cv-10900, 2018 WL 5995539 (E.D. Mich. Nov. 15, 2018)).)

After the Court issued its show cause order, the Court received four filings from Brown. (ECF Nos. 14, 15, 16, 17.) These filings are discussed below. Even giving them the liberal construction that *pro se* filings are entitled to, the Court concludes that Brown fails to show that *Brown v. D. Suppes* does not count as a third strike under § 1915(g). He also does not allege that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, the Court dismisses Brown's complaint without prejudice under § 1915(g).

## II. Legal Standard

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, to account for a prisoner's limited means,

6

the PLRA permits prisoners to pay the filing fee in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000); *Pointer*, 502 F.3d at 372 n.3 ("The PLRA requires prisoners who qualify for IFP status to pay an initial partial fee, followed by installment payments until the entire filing fee is paid."). To prevent prisoners from abusing this system, courts must dismiss a complaint if on three or more previous occasions a federal court has dismissed a prisoner's earlier complaint on grounds that it was frivolous, malicious, or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). This three strikes rule prevents serial prisoner litigants from proceeding *in forma pauperis* absent an allegation that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To qualify for the imminent danger exception,

"the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor*, 508 F. App'x at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of

7

past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n.1 (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, [the Sixth Circuit] ha[s] explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (alteration added). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Blackburn v. Grai*, No. 08-11597, 2008 WL 5188796, at *3 (E.D. Mich. Dec. 10, 2008) (stating that "a *pro se* litigant's submissions

are to be construed liberally, *Erickson v. Pardus*, . . . 127 S. Ct. 2197, 2200 . . . (2007); that is, *pro se* pleadings are held to a 'less stringent standard[]' than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 . . . (1972).").

## III.   Analysis

### A. Brown's Litigation History

Brown's litigation history triggers the application of § 1915(g) because a federal court dismissed two of his prior complaints as frivolous, as noted above, and because the dismissal of the third case listed above—*Brown v. D. Suppes*—counts as a third strike given that Brown has not shown otherwise. In its July 9, 2021 show cause order, the Court gave Brown an opportunity to show that *Brown v. D. Suppes* does not count as a third strike under § 1915(g). (ECF No. 13.) But Brown fails to make this showing in the documents he submitted to the Court. (ECF Nos. 14, 15, 16, 17.)

The Court first received a document from Brown that is dated July 26, 2021. (*See* ECF No. 14, PageID.84–85.) However, this document—which Brown refers to as a "28 page multifaceted motion" (*id.* at PageID.85)—does not respond to the Court's show cause order or

9

address the claims dismissed without prejudice in *Brown v. D. Suppes*. In his filing, which is difficult to read,[5] Brown "seeks leave to read his pleadings to the court by phone"; "request[s] a reasonable application of the Wilson test[,] declaratory judgment act analysis[,] the ADA test[,] section 504 of the rehabilitation act analysis"; requests "reasonable application of" an analysis of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments; "request[s] a declaratory judgment striking down all the unconstitutional practices[,] policies[,] procedures -n- [sic] Black customs"; and seeks "a reward of 2.2 billion dollars in punitive -n- [sic] compensatory damages as well as immediate release." (*Id.* at PageID.73–75, 78–79.)

The Court subsequently received a document from Brown that is dated July 28, 2021. (*See* ECF No. 15, PageID.93–94.) But this document—which Brown refers to as a "motion" with attachments (*id.* at PageID.94)—also does not respond to the Court's show cause order or address the claims dismissed without prejudice in *Brown v. D. Suppes*. In this filing, Brown "seeks to add more defendants -n- [sic] cites additional claims of retaliation[,] adverse measures[,] intimidative [sic]

---

[5] Brown's July 26, 2021 filing has a stamp on it that says "POOR QUALITY ORIGINAL." (ECF No. 14, PageID.72.)

acts distributed by departmental soldiers of state carried out [sic] bad acts on the behalf of the [sic] Gretchen Whitmer[,] Dana Nessel[,] Barbara McQuade[,] University of Michigan Regime." (*Id.* at PageID.88–89.) Brown states that "the entire administration" at the facility where he is housed "[must] [be] ousted for using their official offices -n- [sic] personnel to torture a Black Islamic untreated HIV/AIDS patient which is a well-established disability under the ADA -n- [sic] Section 504 of the Rehabilitation Act." (*Id.* at PageID.90.) He alleges that "[t]he conspiracy to deploy these international -n- [sic] domestic deprivations of civil -n- [sic] human rights is being distributed by mental health Brenda Stevenson . . . [,] food service personnel[,] mail room personnel[,] [and] deputy wardens," among others. (*Id.* at PageID.91.) Brown "requests sanctions economic -n- [sic] physical" and "a permanent restraining order to insulate [him] from future psychological torture[,] persecution[,] physical injury[,] equal protections violations[,] excetra [sic]." (*Id.* at PageID.89–90.) He also appears to seek "immediate release[,] compensatory damages[,] punitive damages." (*Id.* at PageID.92.)

The documents attached to Brown's July 28, 2021 "motion" do not address the Court's show cause order or *Brown v. D. Suppes* either. These documents include a Michigan Department of Corrections (MDOC) Prisoner/Parolee Grievance Form signed by Brown and dated July 27, 2021 that indicates that a grievance "is being filed against" the State of Michigan, the MDOC, and a facilitator at Earnest C. Brooks Correctional Facility, where Brown is housed. (ECF No. 15, PageID.95.) The grievance references "an ongoing problem coming from the racist regime at Brooks Directors Office -n- [sic] Governor Whitmer." (*Id.*) Also attached to Brown's July 28, 2021 "motion" are numerous tables, some of which have a heading at the top of the page that says "VIOLENCE PREVENTION PROGRAM – SELF MANAGEMENT PLAN," and beneath that it says "Brown #367927." (*See id.* at PageID.114–145.)

The Court then received a document from Brown entitled "Bills of Particulars Citing Constitutional Laws -N- [sic] Substantial Deprivations Inscribed Herein" that is dated July 23, 2021. (ECF No. 16, PageID.147, 193.) In this document, Brown states that he has "clearly pleaded" a claim involving lack of medical care "at least 1 thousand times since 2005 without receiving . . . treatment" for

HIV/AIDS. (*Id.* at PageID.147–148.) He discusses a claim of "deliberate indifference to serious medical needs of prisoners" and states that "HIV/AIDS is a serious medical need -n- [sic] this claim proceeds to be perpetually raised plainly." (*Id.* at PageID.148–149.) He states that he "has presented at least 4 thousand pages in unchallenged bad acts[,] omissions -n- [sic] excessive punishments" in support of this claim. (*Id.* at PageID.150.) In addition, Brown states that the "withholding" of treatment for HIV/AIDS violates the Eighth Amendment's Cruel and Unusual Punishment Clause (*id.* at PageID.157, 184) and that he "pleaded this deprivation excessively, its [sic] these courts which proceed to obstruct justice which violates due process of law." (*Id.* at PageID.152.) He appears to argue that the lack of treatment also violates the Americans with Disabilities Act, his due process rights, and § 504 of the Rehabilitation Act. (*See id.* at PageID.183–184.) Brown believes that the federal judiciary's handling of his cases violates his equal protection rights. (*See id.* at PageID.158–165, 186–187.)

Brown states that

Gerald E. Rosen[, the District Judge who handled *Brown v. D. Suppes*,] spelled out all the claims clearly before illegally suppressing the case at the pleading stage in violation of various well-established standards directly linked to

substantive due process of law without the jurisdiction to abdicate therefrom, which is unreasonable.

IE [sic] Plaintiff refers to all 70 docket entries filed in case 2:15-cv-13725-GER-DRG[6]

Sixth Circuit

17-1097/17-1586

Nos 6 USCA

Every claim presented was supremely inscribed in merit, which these courts substantially lack . . . .

(*Id.* at PageID.167.) Brown argues that the "3 strike rule itself is . . . unconstitutional" and that it "only applies over a 3 year period," so it does not apply to his case before Judge Rosen because "its [sic] been nearly 5 years since [that] case." (*Id.* at PageID.192.)

Finally, the Court received a document from Brown that he refers to as a "26 page motion in opposition" that is dated July 19, 2021. (ECF No. 17, PageID.221.) In this document, Brown states that he

filed a nearly 900 page complaint in 2016 with substantial evidence -n- [sic] a general timeline diary's [sic] 150 pages in

---

[6] The Court believes that Brown intended this case number to be a reference to *Brown v. D. Suppes*, No. 5:16-cv-13725, because case number 2:15-cv-13725, the case number Brown included in his filing, is the case number for *Amstutz v. JPMorgan Chase, National Association*, which was assigned to District Judge Arthur J. Tarnow.

14

> suppressed grievances which doubley [sic] spelled out all claims with the constitutional deprivations sowed into the DNA of the entire presentation.

> There was never a decision on the merits of each claims,

> IE [sic] because these courts have collectively decided what kinds of claims a black n***** can file, and from this plaintiff's experiences, no case is tolerable when it challenges state power . . . .

(*Id.* at PageID.201–202.) Brown states that "[t]he Gerald E. Rosen Court" and other federal judges and courts "already know that prisoners possess a solid concrete right to adequate medical care/treatment for a serious medical need such as HIV/AIDS[,] a well-established ADA recognized disability," and that "expulsion from all equal access to treatment/care for HIV/AIDS since 2004 is actionable . . . ." (*Id.* at PageID.207–208.) Brown again states that Judge Rosen "spelled out the claims clearly in case 2:15-cv-13725-GER-DRG,"[7] and Brown indicates that "the court [must] refer to the record, IE [sic] the record laid forth all the claims accept [sic] the crime against humanity[,] TUPA [sic][,] torture[,] persecution[,] excetra [sic]." (*Id.* at PageID.213–214.) Brown claims that the federal judiciary has "selectively decided arbitrarily[,]

---

[7] *See supra* note 6.

15

capriciously -n- [sic] in bad faith who can file law-suits, who can bring claims, what type of claims can be brought, [and] against who they can be brought . . . ." (*Id.* at PageID.216.)

Thus, Brown has failed to show in his July 2021 filings that *Brown v. D. Suppes* should not count as a third strike in the Court's § 1915(g) analysis. As the Court noted in its show cause order, "[w]hen the claims dismissed for non-§ 1915(g) reasons are dismissed without prejudice, the action counts as a strike *unless the plaintiff proves the claims had merit by refiling any of them and proving that they do not fall within the gamut of § 1915(g).*" (ECF No. 13, PageID.69 (emphasis added) (quoting *Taylor*, 508 F. App'x at 496).) Brown has not done this. The Court warned Brown that if he "does not prove [that his claims that were dismissed without prejudice in *Brown v. D. Suppes* had merit], the action counts as a strike under § 1915(g), and 'a prisoner should not be given the benefit of the doubt in these circumstances.'" (*Id.* at PageID.70 (quoting *Knox*, 2018 WL 6005450, at *3).)

Brown's arguments that the three strikes rule is "unconstitutional" and "only applies over a 3 year period" (ECF No. 16, PageID.192) lack merit. "The Sixth Circuit . . . has rejected arguments

16

that § 1915(g) violates prisoners' constitutional rights to equal protection of the law and access to the courts." *Young v. Sessions*, No. 2:18-cv-12047, 2018 WL 4501482, at \*3 (E.D. Mich. Sept. 20, 2018) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604–05 (6th Cir. 1998)); *see Clark v. Lemke*, 25 F. App'x 417, 418 (6th Cir. 2002) (stating that "[t]o the extent that [the plaintiff, a *pro se* Michigan state prisoner,] argues that § 1915(g) is unconstitutional, his argument has already been considered and rejected by this court" (citing *Wilson*, 148 F.3d at 604–06)); *Peeples v. Bradshaw*, 110 F. App'x 590, 591 (6th Cir. 2004) (stating that "[t]his court, along with many of our sister circuits, has considered and rejected th[e] argument" made by the plaintiff, a *pro se* prisoner, "that 28 U.S.C. § 1915(g) unconstitutionally restricts his right of access to the courts" (collecting cases)). "Moreover, there is no time limit on Section 1915(g)'s three strikes provision." *Gerald v. Mohr*, No. 1:19-cv-00754, 2020 WL 489230, at \*1 (S.D. Ohio Jan. 30, 2020) (citing 28 U.S.C. § 1915(g)). Accordingly, *Brown v. D. Suppes* counts as a third strike under § 1915(g).

## B. Imminent Danger Exception

Because of Brown's litigation history, the Court must dismiss Brown's complaint unless it contains allegations that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his complaint, which is difficult to follow, Brown seems to allege that the MDOC has corrupted the state and federal judiciary "with bribes" and "economic enticements" (ECF No. 1, PageID.7), that "it has become virtually impossible to have any case despite its terms structurally reviewed on the merits -n- [sic] in accordance with well-established laws" (*id.*), that federal judges have handled his cases improperly (*see id.* at PageID.7–9), and that judicial officers have denied him access to relief without due process of law. (*See id.* at PageID.11.) Yet the complaint contains no allegation whatsoever that he is in imminent danger of physical injury, and courts typically look at the complaint in deciding whether the imminent danger exception applies. *See Vandiver*, 727 F.3d at 585 (stating that to invoke the imminent danger exception, "[a] plaintiff 'must . . . show that *his complaint* alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time

18

he filed his complaint'" (alteration in original) (emphasis added) (quoting *Taylor*, 508 F. App'x at 492)); *Raleem-X v. Brown*, No. 2:16-CV-11899, 2016 WL 3197579, at *3 (E.D. Mich. June 9, 2016) ("Plaintiff is not entitled to invoke the imminent danger exception to § 1915(g), because *his complaint* contains insufficient facts and detail to establish that he is in danger of imminent physical injury or are delusional, irrational, or wholly incredible." (emphasis added) (citing *Rittner*, 290 F. App'x at 798)).

The Court notes that possible general allegations of torture, lack of treatment for a chronic condition, and physical harm appear in documents attached to Brown's complaint and in Brown's July 2021 filings that followed the Court's show cause order. But even if the Court were to consider these allegations in giving deference to Brown's *pro se* status, the allegations do not satisfy the requirements of the imminent danger exception.

Brown's potential allegation of torture appears in his July 28, 2021 filing. He alleges that "the entire administration" at the facility where he is currently housed (not the facility where he was housed when he filed the complaint) have "us[ed] their official offices -n- [sic]

personnel to torture a Black Islamic untreated HIV/AIDS patient which is a well-established disability under the ADA -n- [sic] Section 504 of the Rehabilitation Act." (ECF No. 15, PageID.90.) But Brown does not identify the date on which the alleged torture took place, and he does not establish that it "exist[ed] at the time the complaint [wa]s filed." *Rittner*, 290 F. App'x at 797. Brown also does not explain how the alleged torture puts him in imminent danger of physical harm, which is necessary for the imminent danger exception to apply. *See Peeples*, 110 F. App'x at 591; *Moore v. Palus*, No. 2:06-CV-13729, 2006 WL 2620341, at *2 (E.D. Mich. Sept. 12, 2006).

To the extent Brown alleges a lack of treatment for HIV/AIDS in his filings, his allegations are conclusory and do not invoke the imminent danger exception. The Sixth Circuit has held that

> a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once.

*Vandiver*, 727 F.3d at 587. Thus, "for the purposes of § 1915(g), an individual afflicted with a chronic illness that left untreated would

20

result in serious injury faces imminent danger when the illness is left untreated." *Id.*

In *Vandiver v. Prison Health Servs., Inc.*, the Sixth Circuit concluded that a *pro se* plaintiff's complaint "sufficiently allege[d] an imminent danger of serious physical injury" resulting from the denial of treatment for a chronic condition. *Vandiver*, 727 F.3d at 587. The court noted that the plaintiff

> alleges in multiple paragraphs of his complaint, and avers in his affidavit, that he is presently denied medical treatment. For example, he alleges that "as a chronically-ill prisoner with serious chronic medical needs, he was and continues to be subject to capricious denials of approved specialty care referral visits because to do so would be less profitable to PHS." R. 1 (Compl. at ¶ 24) (Page ID # 13).

> \* \* \*

> [The plaintiff] has also sufficiently alleged danger of a serious physical injury. Specifically, he has alleged that as a result of the defendants' past and present failure to provide him with "physician prescribed special shoes, and transport vehicle, a special diet and medication," among other things, he faces a risk of "coma, death[,] physical loss of limbs and mental pain, mental anguish and emotional distress." R. 1 (Compl. at ¶¶ 26, 30) (Page ID # 14–15). The danger of serious injury is further supported by the fact that he has already undergone partial amputations of his feet, as he alleged in his complaint. *Id.* ¶ 4 (Page ID # 9). Taken

21

> together, then, [the plaintiff] has alleged that the defendants
> are presently denying him treatment, which is causing harm
> that will lead to further amputations and potentially coma or
> death.

*Id.* The court in *Vandiver* rejected a defendant's argument that the
plaintiff's allegations were "insufficient and conclusory" because the
court found that the plaintiff had made "detailed allegations showing a
present danger of serious injury." *Id.* at 588. The court ultimately
determined that the plaintiff's allegations "that the defendants are
presently withholding necessary medical treatment from him and that
as a result of these actions, [the plaintiff] is in danger of amputations,
coma, and even death" were "sufficient for him to proceed IFP pursuant
to the imminent-danger exception." *Id.* at 589.

Here, Brown states in the documents attached to the complaint
and in his subsequent filings that he has not received treatment for
HIV/AIDS, a serious chronic condition. In documents attached to the
complaint that the Michigan Supreme Court received on December 21,
2020 and that that court returned to Brown on December 23, 2020,
Brown references a prior case "dating back to 2004 about being left
untreated without HIV/AIDS over the last 16 years -n- [sic] being beat
[sic] to death with deliberate indifference -n- [sic] institutional

vengeance by corrupt ruthless state employees in those same . . . official positions to date." (ECF No. 1-1, PageID.18; *see also id.* at PageID.28 (stating that he has not received "all forms of medical -n- [sic] mental health treatment for HIV/AIDS since 2005"); *see id.* at PageID.31, 35.) Brown's later filings also mention the denial of treatment for HIV/AIDS in the past. (*See* ECF No. 16, PageID.148, 154 (stating that he "was denied the treatment [for HIV/AIDS] as far back as 2000"); *see id.* at PageID.183; *see* ECF No. 17, PageID.198–199 (referring to himself as an "HIV/AIDS patient left completely untreated for the lethal dehumanizing lingering death over the last 17-21 years").)

Brown's allegations regarding the denial of treatment for HIV/AIDS in the past may be considered in the imminent danger exception analysis. *See Vandiver*, 727 F.3d at 587. But this exception does not apply here because Brown does not allege that the denial of treatment for HIV/AIDS places him in danger of serious physical injury. Brown states in his July 23, 2021 filing that "HIV/AIDS completely destroys the immune system -n- is very painful in various aspects" (ECF No. 16, PageID.154); however, this does not indicate a danger of serious harm resulting from the denial of treatment for HIV/AIDS.

23

Unlike the allegations that appeared in the complaint of the "chronically-ill" plaintiff in *Vandiver*—which included that the plaintiff was "presently denied medical treatment" and that the defendants' past and present failure to give him special shoes, a transport vehicle, a special diet, and medication placed him at risk of a coma, death, additional amputations, mental pain, mental anguish, and emotional distress, *Vandiver*, 727 F.3d at 587—Brown's allegations are not detailed enough to show a present danger of serious physical injury due to the denial of treatment for HIV/AIDS. For example, Brown's allegations do not mention the aspects of treatment he is currently being denied, how the failure to receive treatment has harmed him, or the risks he faces from not receiving treatment.

In the documents attached to the complaint, Brown makes a possible allegation of physical harm in referencing a prior case that involved "being beat [sic] to death with deliberate indifference -n- [sic] institutional vengeance by corrupt ruthless state employees." (ECF No. 1-1, PageID.18.) However, Brown does not point to any other incidents of physical harm. As noted above, "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger]

exception." *Vandiver*, 727 F.3d at 585 (citing *Rittner*, 290 F. App'x at 797–98). Additionally, "a single instance of past physical harm is insufficient to demonstrate a current risk of imminent danger." *Fuller v. Washington*, No. 18-cv-13173, 2019 WL 1294128, at *1 (E.D. Mich. Mar. 21, 2019) (citing *Rittner*, 290 F. App'x at 797–98), *appeal dismissed*, No. 19-1695, 2020 WL 3429463 (6th Cir. Jan. 15, 2020). Therefore, Brown's possible allegation of physical harm does not satisfy the imminent danger exception.

Because the imminent danger exception does not apply, Brown is prohibited from proceeding *in forma pauperis* in this case in light of his litigation history. And as a result, his complaint must be dismissed without prejudice. Brown may refile, but only if he fully prepays the necessary fees and costs.

## IV. Conclusion

Accordingly, IT IS ORDERED that Brown's application to proceed *in forma pauperis* (ECF No. 2) is DENIED and that his complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE under § 1915(g). For similar reasons as set forth above, § 1915(g) bars Brown from appealing *in forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06

(W.D. Tenn. 1999). As such, IT IS FURTHER ORDERED that any appeal taken by Brown would not be in good faith.

IT IS SO ORDERED.

Dated: September 15, 2021          s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2021.

                                   s/William Barkholz
                                   WILLIAM BARKHOLZ
                                   Case Manager